BASIL C. EMERY *vs.* STANWOOD E. FISHER.

York.    Opinion April 22, 1929.

*Emery & Waterhouse*, for plaintiff.
*Locke, Perkins & Williamson,*
*Edward S. Titcomb*, for defendant.

SITTING: DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J.    Defendant is a throat specialist.  He removed the plaintiff's tonsils.  The present action was for malpractice.  Plaintiff gained the verdict.  The case is up on defendant's exception and motion.

Negligence was alleged in using a mouth gag, a rubber tube from one of the prongs of which became detached, during the surgical operation, and passed into and infected the bronchus of the plaintiff; also in the failure to discover the tube and relieve the pain and suffering its presence caused.

There was evidence by the defendant: The anesthetist said suddenly that the plaintiff, who was being prepared for the operation, was affected with cyanosis. Defendant hastened to plaintiff's assistance. When plaintiff was restored, defendant missed the tube. He suspected it to be in the body of the plaintiff. In consequence of this, and before proceeding to operate, continued the defendant, his instruction to the attending physician was that, after the operation, he examine the stools from the plaintiff, and any vomits, for the tube.

At the time of the trial the attending physician was dead.

Only rebutting evidence was in order when the plaintiff's turn came again. Rule XXXIX; 102 Me., 535; 103 Me., 534; 105 Me., 565; 114 Me., 367.

Plaintiff testified, against objection, and though cautioned that the particular testimony might be held remote, that he never had been told by the attending physician to search into the evacuation and vomits.

The objected evidence was not rebutting evidence. The noted exception must be sustained.

Definitions of rebutting evidence, gathered from various judicial sources, are collected in Words & Phrases. Rebutting evidence repels or counteracts the effect of evidence which has preceded it. It replies directly to that produced by the other side. Evidence which does not contravene, antagonize, confute, or control the inference sought to be drawn by new facts introduced by the adverse party at the next previous stage is not rebutting evidence.

Defendant testified that his instruction concerning what should be done was given to the attendant physician; the testimony stopped there.

Plaintiff's testimony did not tend to meet and offset the affirmative matter set up by his opponent, nor test it and merely minimize or destroy its probative force, nor had it tendency to discredit, impeach, or otherwise disparage the preceding witness; or show the

improbability of his story. It was not relevant. Chamberlayne, Law of Evidence, Sec. 379.

Nor is this all. The testimony may have prejudiced the jury. It may have been argued to prove that the defendant had been negligent or unskillful; it could have been argued to raise in ulterior effect a false issue of veracity between the defendant and the dead doctor, to the obfuscation of the real issues of the case.

True, the evidence may not have weighed with the jury for much, but the admissibility of evidence is not measured by its seeming weight; the measurement is by other principles. The testimony was purely collateral, and therefore not properly admissible.

Inasmuch as sustaining the exception sends the action back for another trial, it is unnecessary to consider defendant's general motion.

*Exception sustained.*