**STATE of Maine**

v.

**George Freeland BERRY.**

Supreme Judicial Court of Maine.

Argued June 6, 1985.

Decided July 17, 1985.

---

Janet T. Mills, Dist. Atty., Kevin J. Regan (orally), Asst. Dist. Atty., Auburn, for the State.

Weston Baker (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, and GLASSMAN, JJ.

GLASSMAN, Justice.

George Freeland Berry, the defendant, appeals from a judgment of the Superior Court, Androscoggin County, entered on a jury conviction of unlawful sexual contact, a Class C crime in violation of 17–A M.R. S.A. § 255 (1983). Rejecting the defendant's challenge to the admission of rebuttal testimony offered against him during trial, we affirm.

## I.

In October 1984, the defendant was tried before a jury on two counts of unlawful sexual contact and one count of Class D assault in violation of 17–A M.R.S.A. § 207 (1983). The charges stemmed from the complaints of three ten and eleven year old girls who lived in the same Lewiston housing project as the defendant and who were frequent playmates of his daughter. The jury acquitted the defendant of the assault charge and one count of unlawful sexual contact, but found him guilty of subjecting one of the girls, the prosecutrix, to unlawful sexual contact.

In the State's case in chief, the prosecutrix testified that in August 1983, the defendant got into the bed where she was sleeping overnight with his daughter. According to the prosecutrix, the defendant put his finger "that is cut off halfway" in her vagina and squeezed her breasts.[1] On

---

1. The defendant's index finger of his left hand was amputated at the first joint as a result of an accident with a saw.

cross examination, the prosecutrix testified that she had told the same facts to a doctor whom she consulted in March 1984.

The prosecutrix was prepared to testify for the State about two additional occasions when she had spent the night with the defendant's daughter and awakened to find the defendant in bed with her.[2] Neither incident involved sexual contact within the statutory definition.[3] Counsel for the defendant successfully obtained rulings excluding any evidence of these occasions during the State's direct and redirect examination of the prosecutrix.

The defendant sought to impeach the testimony of the prosecutrix by introducing her prior statements made during her March 1984 medical examination and incorporated in a medical report written immediately afterwards. Having no present recollection of the report even after reading it, Mrs. Driscoll, the nurse who had written it, read a portion of the report into the record, including the following:

> Patient stated her friend's father stuck two fingers up private part, that is in quotation, and also in quotation, squeezed me up there, end of quotation. Patient stated she told her mother this week because she was having burning when she went to the bathroom. Patient states this happened three weeks ago and occurred over the last one and a half years.

After the defense rested, the court, over the defendant's objection, permitted the State to recall the prosecutrix to testify to the other previously excluded incidents. The court held that the defendant had

opened the door to such rebuttal by presenting the nurse's testimony. On appeal, the defendant alleges reversible error in the Superior Court's admission of the prejudicial rebuttal testimony about misconduct not encompassed by the indictment.

## II.

We have defined rebuttal evidence as "evidence which contravenes, antagonizes, confutes, or controls 'the inference sought to be drawn by new facts introduced by the adverse party at the next previous stage.'" *Payson v. Bombardier, Ltd.*, 435 A.2d 411, 413 (Me.1981) (quoting *Emery v. Fisher*, 128 Me. 124, 125, 145 A. 747, 747 (1929)); *accord State v. Mylon*, 462 A.2d 1184, 1187 (Me.1983). The defendant maintains that the "inference sought to be drawn" from Mrs. Driscoll's testimony was that the credibility of the prosecutrix was dubious, based on the conflict in her versions of when, in what manner, how many times, and over what period of time, the defendant had subjected her to unlawful sexual contact. The defendant protests that the rebuttal evidence concerned incidents that did not involve sexual contact within the statutory definition and therefore did not "contravene, antagonize, confute, or control" the inference of the questionable credibility of the prosecutrix.

The defendant's view of rebuttal evidence, however, is overly narrow. To give evidence the character of rebuttal, it is not essential "that the contradiction should be complete and entire ... [but] it is only necessary that the testimony offered

2. On one occasion in the fall of 1983, the defendant purportedly tried to turn the prosecutrix onto her back saying, "I'm just trying to teach you." On the other occasion, in February 1984, the defendant got in bed with his daughter and the prosecutrix and tried to get on top of the prosecutrix.

3. The statute defines sexual contact as:
   > any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire.

17–A M.R.S.A. § 251(1)(D) (1983). The section proscribing unlawful sexual contact provides in pertinent part:
> A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and
> ....
> The other person has not in fact attained his 14th birthday and the actor is at least 3 years older....

17–A M.R.S.A. § 255(1)(C) (1983).

should have a tendency to explain, repel, counteract, or disprove the opposite statement..." *United States v. Holmes,* 26 F.Cas. 349, 356 (C.C.D.Me.1858) (No. 15,-382).

Only a part of the report purported to convey the actual words of the prosecutrix, with the remainder paraphrased by Mrs. Driscoll. Moreover, there is nothing in the report to demonstrate the prosecutrix necessarily intended to distinguish acts of a general sexual nature from those specifically defined as unlawful sexual contact by 17-A M.R.S.A. § 251(1)(D). By introducing the statements included in the medical report, the defendant opened the door to testimony by the prosecutrix describing events of a sexual nature that had happened to her three weeks before the medical examination and over the last year and a half and thus explaining the statements attributed to her. *See* 3A J. Wigmore, *Evidence in Trials at Common Law* § 1044 at 1062 (rev. ed. J. Chadbourn 1970) (logical and just that impeached witness may explain away inconsistency).

The defendant also argues that the court's admission of the rebuttal testimony of the prosecutrix violated Rule 404 of the Maine Rules of Evidence, thus denying the defendant a fair trial. The rule provides in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

M.R. Evid. 404(b).

Evidence of other misconduct may be admissible "when offered for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M.R. Evid. 404(b) advisers' note. This list of purposes is not, however, exhaustive. R. Field & P. Murray, *Maine Evidence* § 404.3 at 69 (1976). It is clear the rebuttal evidence was offered and admitted not to illustrate the defendant's character, but to rehabilitate the prosecutrix by reconciling her apparently inconsistent statements.

In determining the admissibility of evidence, the trial court must balance the probative value of the evidence against the risk of unfair prejudice to the defendant. *See* M.R. Evid. 403. According to the defendant, the rebuttal evidence gave the jury grounds from which to infer the defendant had a propensity for sexual misconduct and therefore probably did commit the unlawful sexual contact for which he was indicted. Underscoring his acquittal on the other charges, the defendant asserts the jury would not have convicted him if the rebuttal testimony of the prosecutrix had not been fresh in their minds upon retiring.

We acknowledge that the evidence of additional sexual advances presented by the prosecutrix on rebuttal was prejudicial to the defendant. We agree, however, with the Superior Court's determination that by raising the issue through Mrs. Driscoll's testimony, the defendant enhanced the probative value of the evidence. *Cf. State v. Terrio,* 442 A.2d 537, 541 (Me.1982).

Reviewing the trial justice's determination of the propriety of the testimony offered in rebuttal, we must give considerable deference to his opportunity to assess the evidence in light of the testimony to be rebutted and the manner in which it was presented to the jury. *Payson v. Bombardier, Ltd.,* 435 A.2d at 413. We find no error in the trial court's admission of the rebuttal testimony of the prosecutrix.

The entry is:

Judgment affirmed.

All concurring.