MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2019 ME 33
Docket:      Ken-17-518
Argued:      September 11, 2018
Decided:     March 5, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


STATE OF MAINE

v.

ARTHUR J. JONES


SAUFLEY, C.J.

[¶1]  Arthur J. Jones appeals from a judgment of conviction entered by the Superior Court (Kennebec County, *Mullen, J.*) as a result of a jury verdict finding him guilty of unlawful sexual contact (Class C), 17-A M.R.S. § 255-A (1)(B) (2018), and assault (Class D), 17-A M.R.S. § 207(1)(A) (2018).  Over Jones's objections at trial, the court, pursuant to 16 M.R.S. § 357 (2018), admitted a portion of a report of a sexual assault forensic examination (SAFE) performed on the adult female victim upon her arrival at Maine General Hospital.  Jones argues that (1) the court erred or abused its discretion in admitting part of the SAFE report because the admitted portion did not satisfy the requirements of Maine Rule of Evidence 803(4) and (2) even if the report were admissible pursuant to a hearsay exception, the report was cumulative or unduly

2

prejudicial and should have been excluded pursuant to M.R. Evid. 403. We take this opportunity to address the interplay between the Maine Rules of Evidence and 16 M.R.S. § 357—a statutory exception to the general exclusion of hearsay evidence, allowing the admission of certain hospital records. We affirm the judgment.

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the verdict, the jury rationally could have found the following facts. *See State v. Fay*, 2015 ME 160, ¶ 2, 130 A.3d 364.[1] On the evening of December 21, 2016, Jones and the victim, who were social acquaintances, were at Jones's house when the victim got up and walked toward the bathroom, and Jones stood in her way and threw her on a bed. The victim escaped, but Jones dragged her up the stairs by the neck. Jones then took her pants off, touched his mouth to her genitals, further assaulted her with his finger, and "penetrated [her] with his penis." The victim fled Jones's home, without clothes except for a shirt, and called 9-1-1. A police officer took the victim to Maine General Hospital, and a nurse performed a SAFE

---

[1] To the extent that Jones also disputes the sufficiency of the evidence to support his conviction, there was sufficient evidence for a jury to conclude beyond a reasonable doubt that Jones was guilty of the crimes of assault (Class D), 17-A M.R.S. § 207(1)(A) (2018), and unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(B) (2018). *See State v. Ouellette*, 2012 ME 11, ¶ 17, 37 A.3d 921.

procedure, gathering information from the victim and examining her physically.

[¶3] Jones was charged by complaint in December 2016, and an indictment was issued in March 2017, charging Jones with gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A) (2018), aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2018), and unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(B).  Jones pleaded not guilty to all charges, and a jury trial was held over the course of two days.

[¶4] At trial, the victim recounted the assault in detail.  The nurse who conducted the SAFE procedure also testified.  She explained that while conducting the SAFE procedure, she inquired of the victim about the sexual assault "to understand what it was that I needed to be looking for . . . moving forward into a physical exam . . . ."  She documented the victim's responses in the SAFE report.[2]  And, relying on the SAFE report to refresh her recollection, the nurse described the victim's statements on the night of the incident that the nurse used to treat the patient.[3]

---

[2] The SAFE report contained the victim's descriptions of her injuries as the nurse depicted them on standard exemplars, as well as the nurse's notes of the victim's various statements.

[3] As noted below, although Rule 803(4) would allow the medical professional's *testimony* regarding hearsay statements related to treatment, section 357 allows those statements to be offered through hospital or medical records.

4

[¶5]  In addition to the victim and the nurse, the officer who responded to the victim's 9-1-1 call and a detective from the Maine State Police testified. They identified photographs, entered in evidence, showing extensive and significant bruising of the victim's body.  The State also played a portion of a video recording of the detective's interview with Jones, in which Jones acknowledged that he had placed the victim in a "chokehold" and that he had touched the victim's genitals with his mouth.

[¶6]  Jones testified on his own behalf and presented testimony from several witnesses.  The essence of Jones's defense was that he and the victim were romantically involved and that they had consensual oral sex on the evening in question.  At trial, in contrast to his earlier statement, Jones denied putting the victim in a chokehold, and he denied biting her.  He testified that he did not remember sexually assaulting her with his fingers, and never "put [his] penis in . . . or near her vagina."

[¶7]  In rebuttal, the State moved to admit the SAFE report, which was consistent with the victim's and nurse's testimony.  Jones objected.  The court reviewed the entire report and admitted only a portion of it, determining that the partial report was admissible pursuant to the statutory hearsay exception for hospital records that relate to treatment and medical history.  *See* 16 M.R.S.

§ 357. The court excluded a portion of the report documenting a "Summary of Patient's Description of Assault (in patient's own words . . . )," however, because it determined that this portion of the report was tantamount to a witness's statement made to a police officer, not a statement made for medical diagnosis or treatment.

[¶8] The jury found Jones not guilty of gross sexual assault but guilty of unlawful sexual contact. On the aggravated assault charge, the jury found Jones guilty of the lesser included offense of assault (Class D), 17-A M.R.S. § 207(1)(A). *See* 17-A M.R.S. § 13-A (2018); M.R.U. Crim. P. 7(e). Following a sentencing hearing, the court sentenced Jones to four years' imprisonment for unlawful sexual contact and to nine months' imprisonment, to be served concurrently with the four-year sentence, for the assault, with no part of the sentences suspended. Jones timely appealed the resulting conviction. *See* 15 M.R.S. § 2115 (2018); M.R. App. P. 2B(b)(1).

## II. DISCUSSION

[¶9] Jones argues that the court erred in admitting a portion of the SAFE report because, in his view, the report was not excepted from the hearsay

6

exclusion set out in Rule 803(4).[4]  He also argues that even if the report were otherwise admissible, it should have been excluded as unfairly prejudicial.[5]

[¶10]  Although Jones bases his argument on the application of Maine Rule of Evidence 803(4), an exception to the rule against the admission of hearsay, *see* M.R. Evid. 802, the presiding judge unmistakably admitted the report pursuant to 16 M.R.S. § 357.[6]  Jones's argument challenging the admissibility of the SAFE report is based entirely on M.R. Evid. 803(4), and he does not mention section 357 in his brief to us.  Instead, Jones insists that the court was required to exclude the report because the report did not satisfy the

---

[4] Maine Rule of Evidence 803(4) provides as follows:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> **(4) Statement made for medical diagnosis or treatment.** A statement that:
>
> > **(A)** Is made for—and is reasonably pertinent to—medical diagnosis or treatment; and
> >
> > **(B)** Describes medical history; past or present symptoms or sensations; their inception; or their general cause.

M.R. Evid. 803(4).

[5] We are not persuaded by Jones's argument—raised for the first time in his reply brief—that admission of the report here violated his right to confront his accuser.  *Cf. State v. Gorman*, 2004 ME 90, ¶ 55, 854 A.2d 1164 (explaining that a defendant's right to confront witnesses is satisfied when a hearsay declarant testifies and can be cross-examined).

[6] The State also addressed only the Maine Rules of Evidence on appeal.

requirements of M.R. Evid. 803(4). In most instances, we would conclude that "[t]he failure to mention an issue in the brief or at argument is construed as either an abandonment," *Holland v. Sebunya*, 2000 ME 160, ¶ 9 n.6, 759 A.2d 205, or a waiver, *State v. Haskell*, 2001 ME 154, ¶ 2 n.3, 784 A.2d 4, of that argument. Nevertheless, because of the potential confusion regarding the interplay between 16 M.R.S. § 357 and the Maine Rules of Evidence, we address Jones's argument that the report should have been excluded as hearsay pursuant to Rules 802 and 803(4).

[¶11] We begin the analysis with the language of section 357, which provides, in pertinent part, as follows:

> Records kept by hospitals . . . and other medical facilities similarly conducted or operated or which, being incorporate, offer treatment free of charge, *shall be admissible, as evidence in the courts of this State so far as such records relate to the treatment and medical history of such cases* and the *court shall admit copies of such records, if certified by the persons in custody thereof to be true and complete*, but nothing therein contained shall be admissible as evidence which has reference to the question of liability.

16 M.R.S. § 357 (emphasis added).

[¶12] By its terms, section 357 provides a method of authenticating the hospital records and provides an exception to Rule 802 of the Maine Rules of Evidence, which, as a general matter, bars the admission of hearsay evidence. The statute's effect is similar to the hearsay exception provided in Rule 803(4)

8

in that the statute creates an exception to the exclusion of the records as hearsay despite the fact that they contain statements made out of court, offered for the truth of the matter asserted related to treatment and medical history. Accordingly, Rule 803(4) need not be analyzed when the record meets the qualifications of section 357.[7]

[¶13]  Section 357 does not, however, override the application of other Maine Rules of Evidence not pertaining to hearsay.  Accordingly, a SAFE report may be admitted over a hearsay objection if it also meets all other evidentiary rules and complies with the requirements of section 357 itself.

[¶14]  Thus, for the proper admission of a hospital record pursuant to section 357, the party offering the record must (A) establish that the report is relevant to the matter before the court, *see* M.R. Evid. 401; (B) satisfy the requirements of section 357, *see* 16 M.R.S. § 357; and, (C) establish that the Maine Rules of Evidence do not otherwise require the exclusion of the medical record, *see*, *e.g.*, M.R. Evid. 403, 502, 503.

[¶15]  Following that process, once the court has determined that the record is relevant, in whole or in part, the proponent of the record must address

---

[7]  When the hospital records are in the form of copies of photographic or microphotographic format, section 357 also provides methods for their admission.  16 M.R.S. § 357 (2018).

the criteria of section 357: the document must be a record that (1) is kept by a hospital or medical facility as defined in section 357, (2) relates to the treatment and medical history of an individual,[8] and (3) has been certified by the person in custody of the document. *See* 16 M.R.S. § 357.[9]

A.      Rule 401

[¶16]  Here, the court impliedly made the determination that the contents of the applicable portion of the report were relevant when presented in rebuttal. *See* M.R. Evid. 401.  Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Id.*  The contents of the SAFE report were relevant to the material issue in the case: whether a sexual assault had, in fact, occurred.  The court did not err in determining that the report was relevant.

B.      Section 357

[¶17]  The State offered the SAFE report as certified by the custodian of records for Maine General Medical Center.  The State also called the nurse who

---

[8] Hospital records related to treatment and medical history, which carry with them the indicia of reliability, must not be confused with the opinion-based reports of experts called upon to opine on medical conditions and causation.

[9] Moreover, the proffered record may not be related to a determination of liability.  16 M.R.S. § 357.

conducted the SAFE procedure to testify. She testified that Maine General Hospital, where she conducted the SAFE procedure on the victim, keeps the completed SAFE documents and that the information she gathered during the SAFE procedure and documented in the SAFE report was "absolutely" pertinent to her treatment of the patient. The admitted, redacted portions of the report did not identify Jones as the assailant or otherwise refer to Jones. Instead, and within the purview of section 357, the report detailed only that information pertaining to the victim's treatment and medical history. The court did not err in determining that the State had satisfied the requirements set forth in section 357.

C.    Rule 403

[¶18]   Jones next raises a Rule 403 challenge to the admission of the report. Rule 403 affords a court the discretion to exclude relevant and otherwise admissible evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." M.R. Evid. 403. Therefore, even though relevant and otherwise admissible, evidence may be excluded as a result of the application of Rule 403. *Cf. State v. Caron*, 2011 ME 9, ¶ 15, 10 A.3d 739. Whether to do so is left to the

sound discretion of the court. *See State v. Kimball*, 2016 ME 75, ¶ 16, 139 A.3d 914 (holding that "pursuant to M.R. Evid. 403, the trial court has broad discretion to weigh the relevance of evidence against the danger of unfair prejudice to the defendant" (quotation marks omitted)); *State v. Crocker*, 435 A.2d 58, 73-74 (Me. 1981) (affording the court broad discretion pursuant to Rule 403 to admit medical testimony in evidence).

[¶19]  The court admitted the portion of the SAFE report that it deemed relevant to rebut Jones's testimony, specifically admitting the record that contemporaneously documented the nurse's observations of the victim's physical condition, including a statement from the victim that described mechanically how her neck was bruised.  The court, also, carefully excluded the portion of the SAFE report where the nurse had transcribed—apparently verbatim—the victim's extensive account of the incident, in which the victim described what was said, how she felt, Jones's intoxication, and several other details of the incident.

[¶20]  Jones argues that, even if relevant, the admitted portion of the report was unduly prejudicial as compared to its probative value because it was (1) cumulative and (2) inflammatory or likely to mislead the jury, and therefore

should have been excluded from evidence pursuant to Rule 403. We discuss Jones's arguments each in turn.

1.      Cumulative Nature of the Report

[¶21]  We review a court's decision to admit rebuttal evidence for an abuse of discretion, "taking into account the fact that [the trial judge] alone ha[d] the opportunity to assess the evidence with the benefit of having heard the testimony sought to be rebutted." *Payson v. Bombardier, Ltd.*, 435 A.2d 411, 413 (Me. 1981).  Proper rebuttal evidence is evidence that "repels or counteracts the effect of evidence which has preceded it."  Field & Murray, *Maine Evidence* § 611.8 at 335 (6th ed. 2007) (citing *Emery v. Fisher*, 128 Me. 124, 125, 145 A. 747, 747 (1929)); *see also Jusseaume v. Ducatt*, 2011 ME 43, ¶ 15 n.6, 15 A.3d 714 (outlining proper rebuttal evidence as evidence that "contravenes, antagonizes, confutes, or controls the inference sought to be drawn by new facts introduced by the adverse party at the next previous stage" (quotation marks omitted)).

[¶22]  Here, during the State's case-in-chief, the nurse testified to the victim's injuries and to the nurse's notes of the patient's condition. Jones chose to testify, and he contradicted the nurse's testimony.  The State then moved to admit the SAFE report to corroborate the nurse's and the victim's testimony

and to rebut Jones's testimony.[10] *See Emery*, 128 Me. at 125, 145 A. at 747. The State's introduction of the report was proper rebuttal evidence, and it was not unduly cumulative. The court did not abuse its discretion in admitting the report when the State sought to counteract Jones's testimony. *See State v. Rancourt*, 435 A.2d 1095, 1103 (Me. 1981) (holding that the evidence was not unduly prejudicial where it was "at most cumulative").

2. Inflammatory or Misleading Nature of the Report

[¶23] Jones's remaining argument challenges the admitted portion of the record as unduly prejudicial because the language—particularly the heading portion identifying the document as a "Sexual Assault" report—was inherently inflammatory and the report was likely to mislead the jury. That argument was not preserved for appellate review. At trial, Jones objected to the admission of the SAFE report because it was unauthenticated, was created for the purpose of law enforcement, and was cumulative of testimony. Jones did not challenge, as he does now, the admission of the report on the basis that the report was "unduly prejudicial because the language in it was inherently inflammatory . . .

---

[10] During the State's case-in-chief, the State stated that it planned on introducing the report in evidence. The court responded that if the State moved for admission, it would defer ruling until it could review the statutory exception to hearsay, 16 M.R.S. § 357. The State did not move to admit the report until rebuttal.

14

[and] likely to mislead the jury."[11]  *See* M.R. Evid. 403.  "It is a well settled universal rule of appellate procedure that a case will not be reviewed by an appellate court on a theory different from that on which it was tried in the court below."  *Teel v. Colson*, 396 A.2d 529, 534 (Me. 1979); *see also KeyBank Nat'l Ass'n v. Estate of Quint*, 2017 ME 237, ¶ 22, 176 A.3d 717.

[¶24]  Thus, to the extent that we review this unpreserved issue, we do so only for obvious error.  *State v. Burdick*, 2001 ME 143, ¶ 29, 782 A.2d 319; M.R.U. Crim. P. 52(b).  The jury was fully aware that Jones was charged with a sexual assault.  Jones himself admitted to certain sexual activities with the victim.  The heading on the document, the report's description of the victim's injuries, and the illustrations of generic body parts that were touched or assaulted were in no way so inflammatory as to create an unfair prejudice.  The court did not err in concluding that the probative value of the report was not outweighed by the danger of unfair prejudice such that the court was required to exclude it despite the lack of any objection.  *See State v. Pratt*, 2015 ME 167, ¶¶ 23, 26, 130 A.3d 381; M.R. Evid. 403.  The court did not commit error, let

---

[11] Both Jones and the State provide citations to the transcript that do not support the position that Jones objected to the admission of the report based on the danger of unfair prejudice.

alone obvious error, nor did it abuse its discretion in admitting the portion of the SAFE report challenged by Jones.

The entry is:

Judgment affirmed.

---

Stephen C. Smith, Esq. (orally), and T. Evan Fisher, Esq., Lipman & Katz, PA, Augusta, for appellant Arthur J. Jones

Maeghan Maloney, District Attorney, Frayla Tarpinian, Asst. Dist. Atty., and Christy Stilphen, Stud. Atty. (orally), Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2016-3156
FOR CLERK REFERENCE ONLY